IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Janice Cope Warren, ) | |
| ) | Civil Action No. 4:14-cv-02755-JMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn C. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

_____

This matter is before the court for a review of the United States Magistrate Judge's Report and Recommendation ("Report"), filed on November 22, 2015 (ECF No. 22), recommending that the decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's claim for Disability Insurance Benefits be affirmed. Plaintiff filed an Objection (ECF No. 26) to the Report, to which Defendant filed a Response (ECF No. 29). The Report sets forth the relevant facts and legal standards, and this court incorporates them herein without a recitation.

The Magistrate Judge makes only a recommendation to this court that has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report to which specific objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d

44, 47 (4th Cir. 1982).  The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1) (2012).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides, "[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g) (2012).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

In this case, Plaintiff filed an Objection to the Report, in which she appears to re-assert the exact arguments she did before the Magistrate Judge. (*See* ECF No. 26 (arguing primarily that the "substantial evidence does not support the ALJ's rejection of the evidence regarding [Plaintiff's] multiple impairments" and that the "ALJ erred in finding that Mrs. Warren was not

credible").)  Indeed, in no part of her Objection does Plaintiff reference the Magistrate Judge's discussion regarding his Report's recommendation to this court.

This court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The Court of Appeals for the Fourth Circuit has made clear that a district court reviews *de novo* only those portions of a magistrate judge's report to which *specific* objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (citing 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2005)); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and that there is no clear error.  The court therefore **ADOPTS** the findings of the Magistrate Judge's Report and Recommendation (ECF No. 22), and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits pursuant to sentence four (4) of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 25, 2016
Columbia, South Carolina

3